IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *Plaintiff,* <br><br> v. <br><br> **LASHANDELL THOMAS,** *Defendant.* | Cause No. 3:22-CR-7-CWR-LGI-1 |

## ORDER

On February 17, 2023, the Court held a Competency Hearing in this matter. Defendant Lashandell Thomas was charged with one count of arson on the Choctaw Indian Reservation. Docket No. 3. Thomas was sent to the Federal Medical Center ("FMC") by this Court with questions as to her competency to stand trial and her mental state at the time of the offense. Docket No. 28. Reports were generated upon the evaluation and submitted to the Court, counsel for the government, and counsel for the defendant. Docket Nos. 29 and 30.

At the hearing, the Court considered the reports and the testimony of Dr. Emily Dixon. The parties were permitted to question Dr. Dixon and the Court heard arguments from counsel. After considering the evidence, testimony, and arguments, the Court found that Thomas was not competent to stand trial. Her mental illness has impaired her rational understanding of the legal proceedings before her as well as her ability to

communicate with her counsel with a reasonable degree of rational and factual understanding. Because Thomas's competency to stand trial has not been affirmed, her mental state at the time of the offense is currently difficult to ascertain.

It is, therefore, **ORDERED** that pursuant to 18 U.S.C. § 4241(d), the defendant be transported by the United States Marshal and committed to the custody of the Attorney General for placement in a suitable facility designated to treat her present incompetency and evaluate her mental statement for a reasonable period of time, not to exceed 120 days, as is necessary to determine whether there is substantial probability that in the foreseeable future, the defendant will attain the capacity to permit the proceedings to go forward; and for an addition reasonable period until the defendant's mental condition is so improved that a trial may proceed.

It is further **ORDERED** that the purpose of the treatment and evaluation shall be for conducting the appropriate psychiatric or psychological treatment of the defendant in accordance with this order by a licensed or certified psychiatrist and/or psychologist.

It is further **ORDERED** that pursuant to Rule 12.2(c)(l)(A), the defendant is to submit to such treatment and examination as ordered above.

It is further **ORDERED** that the examiner designated to conduct such treatment and examination shall, pursuant to 18 U.S.C. §§ 4241, 4242, and 4247, file with the Court as soon as possible after the completion of such examination (not to exceed 30 days), a report of the results of the treatment and examination with copies provided to the Court, counsel for the defendant, and counsel for the government. Said report shall include the defendant's history and present symptoms; a description of the psychiatric,

psychological, and medical tests that were employed and their results; the examiner's findings; the examiner's opinions as to diagnosis and prognosis; the examiner's opinions as to whether the defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to properly assist in her defense; and the examiner's opinions as to whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity (if not presently obtained) to permit the proceedings to go forward.

It is further **ORDERED** that the examiner shall report to the government and the defendant's lawyers during this time on the progress of the evaluation and attempt to restore the defendant's competency.

It is further **ORDERED** that the Attorney General shall report to the Court during this time on the progress of the evaluation.

It is further **ORDERED** that the Attorney General shall promptly file a certificate, as required by 18 U.S.C. § 4241(e), when the director of the facility in which the defendant is hospitalized determines that the defendant has recovered to such an extent that she is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense.

It is further **ORDERED** that the defendant shall be returned to the custody of the United States Marshal at the completion of the evaluation ordered herein. The defendant shall thereafter remain in the custody of the Marshal pending further orders of this Court.

A copy of this Order shall be given to the United States Marshal and the Marshal shall make arrangements as are necessary for the examination and treatment of the defendant.

**SO ORDERED**, this the 31st day of March, 2023.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE