**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| *Plaintiff*, | |
| *v.* | CAUSE NO. 3:22-CR-7-CWR-LGI-1 |
| **LASHANDELL F. THOMAS,** | |
| *Defendant.* | |

## ORDER

Before the Court is the Defendant's *Motion for Special Relief*, which was filed on July 7, 2023. Docket No. 32. The government has not responded. Upon review, the motion will be granted.

In this case, Lashandell F. Thomas is charged with one count of committing arson on the Choctaw Indian Reservation. Docket No. 3. She was arrested on February 15, 2022. Docket No. 9. Upon the order of this Court, Ms. Thomas was sent to Federal Medical Center Carswell for a competency evaluation. At the conclusion of that evaluation, she was returned to this district. At all times since her arrest Ms. Thomas has been detained.[1]

---

[1] Ms. Thomas has other criminal charges pending in a separate case before a different judge. *See United States v. Thomas*, No. 3:21-CR-101-HTW-LGI-2 (S.D. Miss.). A competency hearing was not held in that case, and trial is set for October 16, 2023. This motion before the Court is being addressed now due to the competency determination in this case.

On February 17, 2023, pursuant to 18 U.S.C. § 4241(c), this Court held a hearing to determine Ms. Thomas' competency. This Court found that Ms. Thomas is not competent to stand trial, but that her competency might be restored with suitable treatment.

On March 31, 2023, therefore, this Court entered an order, pursuant to 18 U.S.C. § 4241(d), requiring that Ms. Thomas be "transported by the United States Marshal and committed to the custody of the Attorney General for placement in a suitable facility designated to treat her present incompetency and evaluate her mental state for a reasonable period of time, not to exceed 120 days, as is necessary to determine whether there is substantial probability that in the foreseeable future, she would attain the capacity to permit the proceedings to go forward." Docket No. 31 at 2.

As of this date, however, the United States Marshal continues to hold Ms. Thomas in the Madison County, Mississippi Detention Center. It has been five months, or 158 days, since this Court ordered the United States to provide Ms. Thomas restorative mental health treatment. She still has not received such treatment. And Ms. Thomas has been in the United States Marshal's custody for more than 18 months now in total. The facility in which she is housed is not equipped to address her mental health needs, and she has not received suitable mental health treatment during while in custody at the Detention Center.

In its March 31, 2023, Order, this Court directed the Attorney General to report to the Court on the progress of the evaluation. Docket No. 31 at 3. This Court, to this date, has not heard from him or his designee regarding Ms. Thomas—perhaps because her restoration process has not even commenced. The United States did not respond to the

defendant's July 7 motion, and it did not respond to an August 28 email from chambers staff inquiring into Ms. Thomas' whereabouts. Yet during this time, defense counsel says, there are ongoing "issues concerning Ms. Thomas' present mental health and treatment." Docket No. 32 at 2.

While the Court understands that BOP faces limited resources, all involved must also enforce Ms. Thomas' constitutional right to due process. At this point, the Government is approaching a violation.

In *United States v. Conway*, for example, Chief Judge Jordan found a due process violation when the Attorney General held the defendant for eight months awaiting placement in a treatment facility. *See* No. 3:18-CR-125-DPJ-LGI, Docket No. 78 at 2 (S.D. Miss. May 2, 2023). Because the government had "failed to comply" with his Orders, Judge Jordan ordered it "to place Conway in an appropriate facility to begin restoration within seven days." *Id.* at 1-2.

In so ruling, the Court in *Conway* relied on the Ninth Circuit's decision in *United States v. Donnelly*, which found a due process violation for a similar eight-month pre-hospitalization custody period. *See* 41 F.4th 1102 (9th Cir. 2022). That court ordered the United States to place the defendant in a treatment facility within seven days, reasoning that the eight months the defendant waited to be hospitalized in a suitable facility "plainly exceeds whatever period the statute conceivably allows." *Id.* at 1108. The defendant's "pre-hospitalization commitment period, whose purpose is simply to identify an appropriate treatment facility and arrange for the defendant's transportation to that facility," had gone on "longer than the maximum time Congress permitted for the

3

period of hospitalization itself." *Id.* at 1106. And as Judge Watford noted in a separate opinion, Congress intended the four-month time limit in § 4241(d)(1) to apply to the "entire period of confinement, not just the period of hospitalization." *Id.* at 1109 (Watford, J., concurring).

Ms. Thomas has now been held in pre-hospitalization custody of the Attorney General for a month longer than the maximum period of actual hospitalization Congress authorized in § 4241(d)(1). The maximum constitutional length of pre-hospitalization detention is presently undefined, but given the rulings in *Conway* and *Donnelly*, a five-month pre-hospitalization custody period is of significant concern to this Court. A Constitutional violation in our case is fast approaching, if not already complete.

In light of these cases, the United States has seven days to place Ms. Thomas in a suitable facility for mental health restoration. If it does not place Ms. Thomas in a suitable facility by then, the Court will take briefing and hold a hearing to determine whether it should dismiss the pending charge. Of course, the government retains the right to dispose the charge. *See* 18 U.S.C. § 4241(d)(2)(B).

**SO ORDERED**, this the 5th day of September, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE