IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                           CAUSE NO.:3:22cr7CWR-ASH

LASHANDELL THOMAS                                                      Defendant

## MOTION TO DISMISS

COMES NOW LASHANDELL THOMAS ("Thomas") by and through her attorney of record, and files this her Motion to Dismiss, pursuant to 18 U.S.C. §§1152, 1153, and in support thereof would show unto to this Court the following, to wit:

## FACTS & PROCEDURAL HISTORY

On September 28, 2021, Choctaw Police Department arrested both Ms. Thomas and Kirsten Willis for the offense of Criminal Damage to Property -Domestic; Class C. Both were booked into the Choctaw Police Department.

On April 25, 2022, before the Choctaw Tribal Court with the Mississippi Band of Choctaw Indians, the Tribal Court "found that it ha[d] personal and subject manner jurisdiction over the parties . . . [and that] Criminal Damage to Property-Domestic; Class "C" Offense against the Defendant [Kristen Willis] . . . be dismissed with prejudice." *Order of Willis' Dismissal hereto attached.*

Yet, the federal government sought prosecution only against Thomas. On or about January 25, 2022, Ms. Thomas was charged in a one-count indictment for the offense of Arson, in violation of Title 18 U.S.C. §81 and 18 Title U.S.C. §1153.

STANDARDS OF LAW AND APPLICATION

The federal statutes provide for the federal jurisdiction of crimes that occur in "Indian Country." Specifically, Major Crimes Act (MCA) within the "Indian Country" provides in pertinent:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, **arson,** burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. §1153(a).

The Major Crimes Act expressly sets forth that the federal government has jurisdiction over enumerated crimes committed within the Indian lands. Moreover, under the Major Crimes Act, any criminal prosecution "is preempted by both federal protection of tribal self-government and federal statutes on subjects relating to Indians, tribes, their property and federal programs." *Langley v. Ryder*, 778 F.2d 1092, 1095 (5th Cir. 1985).

Nonetheless, the Major Crime Act is controlled by the provision 18 U.S.C. §1152:

> This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or *may be secured to the Indian tribes respectively*.

Both Thomas and Willis were charged by the Choctaw Police Department for the criminal offense of Property Damage-Domestic Class C. Both Thomas and Willis' Criminal Complaints are identical: same facts, same date of incident, same victim,

same location, same charging statute. *Thomas and Willis' Criminal Complaints hereto attached.*

Yet, only Willis' criminal matter remained before the Choctaw Tribal Court. The disposition of Willis' criminal case before the Choctaw Tribal Court affirms the controlling principal of 18 U.S.C. §1152 that there should not be a federal prosecution of Thomas' criminal offense since the identical criminal offense (Willis' Criminal Complaint) was resolved by the Choctaw Tribal Court [*may be secured to the Indian tribes respectively*]. To be clear, there should not be any doubt or uncertainty that Ms. Thomas' criminal matter, which is identical to Willis, can be resolved by the Choctaw Tribal Court.

Pursuant to 18 U.S.C. §1152, the indictment, herein, should be dismissed against Ms. Thomas.

WHEREFORE PREMISES CONSIDERED, the Defendant prays that after hearing on this her Motion that this Court grant her motion. The defense prays for such and further relief as this Court may deem just and proper under the premises.

**RESPECTFULLY SUBMITTED**, this the 20th day of November, 2024.

        Defendant
        LASHANDELL F. THOMAS

        By:   *s/ T. Murry Whalen*_____
               T. Murry Whalen, MSB No. 100618

THE WHALEN FIRM
P.O. Box 23222
Jackson, MS 39225
601.209.9195 *phone*
866.702.2304 *fax*
thewhalenfirmpllc@yahoo.com
twhalen@murrywhalenfirm.com

<u>**CERTIFICATE OF SERVICE**</u>

I, T. Murry Whalen, certify that I have this 20th day of November, 2024, electronically served the foregoing document upon each person designated on the record in these proceedings.

*s/ T. Murry Whalen*
T. Murry Whalen