# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *Plaintiff*, v. **LASHANDELL F. THOMAS**, *Defendant*. | CAUSE NO. 3:22-CR-7-CWR-LGI-1 |

## ORDER

Before the Court are Lashandell F. Thomas's motions to withdraw documents and for release pending sentencing. Docket Nos. 78 and 79. Upon review, the motion to withdraw will be granted and the motion for release will be denied.

The Court begins with the motion for release. Title 18 U.S.C. § 3143 governs the standards for release or detention of a defendant pending sentence or appeal. It provides, in relevant part, that:

> "The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless . . . the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

18 U.S. C. § 3143(a)(2).

The government contends that Thomas pleaded guilty to an offense described in subparagraphs A and B of § 3142(f)(1). Because the Court agrees that Thomas committed a

"crime of violence" as described in subparagraph A, it need not address whether subparagraph B applies.

Thomas pleaded guilty to arson on June 12, 2025. She argues that even if arson is considered a violent crime, it should "'not serve as a basis for sentencing'" because "there is clear and convincing evidence that her criminal conduct did not pose a threat to human life and she did not believe that her conduct would have been a threat to human life." Docket No. 79 at 3 (quoting 18 U.S.C. § 3559(c)). Her argument is without merit. Thomas pleaded guilty to arson in violation of 18 U.S.C. § 81, which does not require injury to a person. A defendant commits arson under the statute if they burn a "dwelling" or place "the life of any person . . . in jeopardy." Thomas did both. She burned the dwelling when she set fire to a box and then placed the burning box inside a couch—burning both the couch and the interior wall in the process. *See* Docket No. 81 at 2. She placed the lives of others in jeopardy when she set the fire knowing that there were occupants inside the house. Docket No. 79 at 3.

Thomas then argues that she is not a flight risk because of "her extensive ties to her Choctaw community and . . . lack of financial resources," and that she will not be a danger to the community or others if the Court considers Dr. Cristian Feliciano's recommendations in setting the conditions of her release pending sentencing. *Id.* at 4. Assuming that Thomas has shown that she is not a flight risk, she has not proven by clear and convincing evidence that she is not a danger to the community or others. Dr. Feliciano's testimony offers "recommendations regarding possible treatment at the Choctaw Health Center." Docket No. 81 at 7. As the government notes, Thomas does not address "what affect her release would have on her mental condition and whether there is a substantial likelihood that she would likely continue with treatment or continue taking medication if released." *Id.* Thomas appears

2

to concede to this argument by failing to respond to it in her reply. Thomas has not met the requirements of § 3143(a)(2). Therefore, her motion for release is denied. *See United States v. Trotter*, No. 2:19-CR-43-KS-MTP, 2020 WL 2091826, at *2 (S.D. Miss. Apr. 30, 2020).

As for Thomas's motion to withdraw documents, it is unopposed, well-taken, and will be granted. Accordingly, the motion for reconsideration, Docket No. 59, is denied as moot. The motions to compel supplemental discovery and to quash, Docket Nos. 45 and 52, are also denied as moot.

**SO ORDERED**, this the 23rd day of July, 2025.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE